**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NEW FORTRESS ENERGY, INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 1:25-cv-05010-JGK |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS. | |

**JOINT STIPULATION AND [PROPOSED] ORDER TO**
**STAY DERIVATIVE ACTION**

Plaintiffs Robert Troha, Adrian Little, Alexander Smith, and John Weis (collectively, "Plaintiffs"), Nominal Defendant New Fortress Energy, Inc. ("New Fortress" or the "Company"), and Individual Defendants Wesley R. Edens, Christopher S. Guinta, Randal A. Nardone, Desmond Iain Catterall, David J. Grain, C. William Griffin, Timothy W. Jay, Katherine E. Wanner, John J. Mack, and Matthew Wilkinson (together with New Fortress, the "Defendants," and Defendants together with Plaintiffs, the "Parties") submit this stipulation to stay the above-captioned consolidated action (the "Derivative Action") as set forth herein.

**WHEREAS**, on October 7, 2025, the Court entered an Order (the "Stay Order") staying the Derivative Action pending developments in the related putative securities class action captioned *In re New Fortress Energy, Inc. Securities Litigation*, 1:24-cv-07032-JGK (S.D.N.Y.) (the "Securities Litigation"), including the denial of the motion to dismiss the Third Amended Complaint in that action. ECF No. 14, ¶9.

**WHEREAS**, on February 16, 2025, the motion to dismiss in the Securities Litigation was denied. *Securities Litigation*, ECF No. 46.

**WHEREAS**, on March 6, 2026, the Parties informed the Court that the motion to dismiss in the Securities Litigation was denied and thus, pursuant to paragraph 9 of the Stay Order, the stay of this action was lifted. ECF No. 15.

**WHEREAS,** pursuant to paragraph 10 of the Stay Order, the Parties are to meet and confer and submit a proposed scheduling order by March 20, 2026.

**WHEREAS**, the Parties have conferred and agree that further developments in the Securities Litigation may be relevant to this Derivative Action and may help inform the manner in which this Derivative Action proceeds. The Parties also agree that the interests of efficient and effective case management and the conservation of judicial and litigant resources would be served by temporarily staying this Derivative Action through the resolution of motion(s) for summary judgment in the Securities Litigation or notification of a settlement being reached in the Securities Litigation, whichever occurs earlier. As such, the Parties agree that a stay of the Derivative Action is warranted.

**WHEREAS**, the Parties further agree that during the pendency of the stay, the Parties shall coordinate limited discovery efforts with the Securities Litigation as set forth herein;

**NOW THEREFORE, PLAINTIFFS AND DEFENDANTS HEREBY STIPULATE AND AGREE**, through their respective counsel, and move the Court for an order staying the case and permitting limited discovery as follows:

1.    Except for the coordinated fact discovery set forth below, all other proceedings in the Derivative Action, including any obligation to answer, move against, or otherwise respond to any complaint filed in this action, is hereby stayed pending resolution of any anticipated motion(s) for summary judgment in the related Securities Litigation or notification of a settlement in the Securities Litigation, whichever occurs earlier.

2.      Plaintiffs shall receive all documents produced by Defendants in response to any requests for production propounded by plaintiffs in the Securities Litigation, provided such discovery shall be used by Plaintiffs solely for purposes of litigating this Derivative Action. Plaintiffs and their counsel shall sign and be bound by any applicable confidentiality or protective order(s) entered in the Securities Litigation. Defendants will provide the materials set forth in this paragraph to Plaintiffs within the later of: (a) thirty (30) days of their production or service in the Securities Litigation; or (b) within thirty (30) days of Plaintiffs' execution of any applicable confidentiality or protective order(s) entered in the Securities Litigation.

3.      During the pendency of the stay, counsel for Plaintiffs may attend any deposition scheduled in the Securities Litigation. Plaintiffs may seek permission from counsel in the Securities Litigation to question any such deponent. Defendants reserve all rights to object to such questioning. Additionally, Plaintiffs reserve the right to notice or subpoena any such witnesses to sit for deposition in the Derivative Action, and Defendants reserve all rights to object to any such notices or subpoenas.

4.      Plaintiffs may seek final copies of transcript(s) of depositions taken in the Securities Litigation. Subject to the consent of plaintiffs in the Securities Litigation and any relevant non-parties, Defendants shall produce such transcript(s) to Plaintiffs within thirty (30) days of receiving the final transcript(s) requested. Plaintiffs shall use such transcript(s) solely for purposes of litigating this Derivative Action and in accordance with any applicable confidentiality or protective order(s) entered in the Securities Litigation.

5.      During the pendency of the stay, Defendants shall also produce to Plaintiffs any documents produced by the Company in any derivative proceeding arising from the same or similar facts and circumstances as the Derivative Action ("Related Derivative Proceeding") or in

3

response to any inspection demand for books and records under 8 Del. C. § 220 or other similar provision arising from the same or similar facts and circumstances as the Derivative Action ("Related Books and Records Demand") within thirty (30) days of production. To the extent the Company previously produced documents in any Related Derivative Proceeding or any Related Books and Records Demand, the Company shall produce any such documents to Plaintiffs within thirty (30) days after entry of this stay.

6.    Defendants shall notify Plaintiffs' counsel promptly of any litigation demands arising from the same or similar facts and circumstances as the Derivative Action ("Related Litigation Demands") that are received by the Company during the pendency of this Derivative Action. To the extent any documents are produced by or on behalf of the Company in response to any such Related Litigation Demands, such documents shall also be produced to Plaintiffs.

7.    By producing the documents described herein, Defendants do not concede that any such documents are relevant to the Derivative Action and reserve all rights to object to their use in the Derivative Action.

8.    During the pendency of this stay, Defendants shall promptly notify and include Plaintiffs in any mediation or formal settlement discussions with the plaintiffs in the Securities Litigation as well as plaintiffs in any Related Derivative Proceeding, and any shareholders who made a Related Books and Records Demand or Related Litigation Demands. Defendants shall furnish Plaintiffs with a copy of their submission to the mediator at or about the time it is transmitted to the mediator.

9.    Nothing in this Stipulation shall impact the scope, occurrence, timing, or sequencing of discovery or scheduling, including of depositions and mediation(s), in the Securities Litigation.

10.    During the pendency of the stay, Plaintiffs may amend the complaint, but Defendants shall be under no obligation to answer, move, or otherwise respond to any amended complaint filed during the pendency of the stay.

11.    In the event any Related Derivative Proceeding is not stayed for the same or longer duration as the stay of this Derivative Action, Plaintiffs may seek leave of this Court lift the stay upon fourteen (14) days' notice to Defendants' counsel of record by email.

12.    In the event that Defendants agree to terms or conditions in connection with any stipulation so ordered by this Court or any other order by this Court to stay a Related Derivative Proceeding that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this Stipulation.

13.    After the stay is lifted, Defendants will not move to stay this Derivative Action in deference to any other Related Derivative Proceeding.

14.    Within fourteen (14) days of the termination of the stay on the terms set forth in paragraph 1 of this Stipulation, the Parties shall meet and confer and submit a proposed schedule of further proceedings in the Derivative Action.

15.    The Parties reserve all their respective rights, claims, and defenses in the Derivative Action, and no portion of this Stipulation shall be construed as a waiver of any rights, claims, or defenses unless expressly addressed herein.

Dated: March 20, 2026

| **GAINEY McKENNA & EGLESTON** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
|---|---|
| */s/ Gregory M. Egleston* | |
| Thomas J. McKenna | */s/ Scott D. Musoff* |
| Gregory M. Egleston | Scott D. Musoff |
| Christopher M. Brain | One Manhattan West |
| 260 Madison Avenue, 22nd Floor | New York, NY 10001 |
| New York, NY 10016 | Tel: (212) 735-3000 |

Tel: (212) 983-1300
Fax: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com
Email: cbrain@gme-law.com

*Lead Counsel for Plaintiffs*

Fax: (212)735-2000
Email: scott.musoff@skadden.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Joseph O. Larkin
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Tel: (302) 651-3000
Fax: (302) 651-3001
Email: joseph.larkin@skadden.com

*Attorneys for Defendants*

**IT IS SO ORDERED** this 20 day of _____March_____, 2026.

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE